# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1092V
### Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| LOREN NEDDEAU, | Special Master Corcoran |
| Petitioner, | Filed:  January 14, 2016 |
| v. |  |
| | Entitlement; Shoulder Injury Related to |
| SECRETARY OF HEALTH | Vaccine Administration ("SIRVA"); |
| AND HUMAN SERVICES, | Influenza ("Flu") Vaccine; Conceded. |
| Respondent. |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Stephen M. Reck*, The Law Firm of Stephen M. Reck, LLC, North Stonington, CT, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## RULING FINDING ENTITLEMENT[1]

On September 29, 2015, Petitioner Loren Neddeau filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccine that she received on October 6, 2012.

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published rulings inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

In her Rule 4(c) Report, Respondent indicated that the Petitioner's claim is compensable under the Vaccine Act. Respondent specifically stated that the Division of Vaccine Injury Compensation ("DVIC"), Department of Health and Human Services, has reviewed the facts of this case and has concluded that "[P]etitioner's alleged injury is consistent with SIRVA, and that it was caused in fact by the flu vaccine she received on October 6, 2012." Rule 4(c) Report at 3 (ECF No. 12). Additionally, the Rule 4(c) report acknowledges that "DICP did not identify any other causes for petitioner's SIRVA, and records show that she has suffered the sequela of her injury for more than six months." *Id.* Respondent therefore concludes that Petitioner is entitled to an award of damages.

In view of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Andrea Gordon, at (202) 357-6345.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master